

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2005

# Joseph v. Alghny Airport Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Joseph v. Alghny Airport Auth" (2005). *2005 Decisions.* Paper 415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-2229
_____

HERBERT L. JOSEPH, II,

Appellant

v.

ALLEGHENY COUNTY AIRPORT AUTHORITY; ALLEGHENY COUNTY
AIRPORT POLICE; PENNSYLVANIA PUBLIC UTILITY COMMISSION; DAWN
ROMITZ, in her official capacity as Contract Administrator and as an individual;
OFFICER MAYER; OFFICER DAWKIN; OFFICER MCCONNELL, in their official
capacity as police officers and as individuals; DENISE COHEN, in her official capacity
as manager of the Pittsburgh Office, PA PUC, and as an individual

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa.. Civ. No. 03-cv-01892)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
October 11, 2005

Before:    VAN ANTWERPEN, GREENBERG and NYGAARD, Circuit Judges

(Filed October 13, 2005)

_____

OPINION

_____

PER CURIAM.

In this civil rights action, Appellant, Herbert L. Joseph, II, appeals pro se from the District Court's order granting summary judgment in favor of Appellees. For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. Joseph operates a limousine service that picks up and drops off passengers at the Pittsburgh International Airport ("the Airport"). On September 11, 2003, Denise Cohen, the Pittsburgh regional manager for the Pennsylvania Public Utility Commission ("PUC"), informed Dawn Romitz, the Allegheny County Airport Authority ("ACAA") official responsible for ensuring that all "for hire" transportation services at the Airport are properly certified by the PUC, that Joseph's operating rights had been suspended because the PUC had not received proof of insurance. Romitz immediately forwarded this information to the police, who stopped Joseph's limousine at the departures curb on September 26, 2003. Although Joseph was apparently able to provide the police with evidence that his insurance had been restored, he became belligerent, shouted a racial slur, and was cited for disorderly conduct. Later, Joseph engaged in what he describes as a telephone "shouting match" with ACAA employees who were attempting to obtain Joseph's assurance that he would not repeat the type of behavior that led to his disorderly conduct citation. Based on Joseph's inability to control his temper, his use of inappropriate language during the phone conversation and investigatory stop, and his failure to assure that such behavior would not continue, the ACAA issued a trespass

warning barring Joseph from conducting business at the Airport for 30 days. Separately, on November 4, 2003, Joseph filed an application to protest at the Airport. Although the application was initially denied on November 25, 2003, Joseph amended it, and it was approved on December 2, 2003.

Joseph filed a complaint, which he later amended, alleging violations of his First and Fourth Amendment rights under 42 U.S.C. § 1983, and conspiracy to violate his civil rights under 42 U.S.C. § 1985. The complaint sought monetary damages. Joseph named as defendants the ACAA, Romitz, and Cohen.[1] The District Court granted the defendants' motions for summary judgment, finding no evidence 1) that the police were agents of the defendants, 2) that Joseph's exercise of his First Amendment rights resulted in his banishment from the Airport for 30 days or caused a delay in the consideration of his protest application, or 3) that the defendants conspired to deprive Joseph of his constitutional rights. This appeal followed.

The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and this Court has appellate jurisdiction by virtue of 28 U.S.C. § 1291. We exercise

_____

[1] Joseph also named as defendants the PUC, the Allegheny County Airport Police, and three police officers. The District Court granted the PUC's motion to dismiss on the basis that it is not a "person" for § 1983 purposes. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). In this connection, the District Court dismissed the claims brought against Cohen in her official capacity; the claims for damages against Romitz in her official capacity are also barred. Id. In addition, the District Court granted Joseph's motion to voluntarily dismiss the claims against the Airport Police and the officers. These rulings are not challenged by Joseph in this appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that issues not raised and argued on appeal are deemed abandoned and waived).

plenary review over the District Court's grant of summary judgment. See Brooks v. Kyler, 204 F.3d 102, 105 n.5 (3d Cir. 2000). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). We may affirm the District Court's grant of summary judgment on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Joseph contends that the ACAA, Romitz, and Cohen violated his Fourth Amendment rights by causing the police to stop him and ask for his insurance information. Assuming arugendo that these defendants exercise authority over the police, liability under § 1983 may not based on the doctrine of respondeat superior. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993). Thus, in order for the ACAA to be liable, Joseph would have to show that it had an established policy or custom that resulted in the alleged constitutional violation at issue. See Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). Joseph's complaint failed to identify an organizational policy or custom of the ACAA, the implementation of which resulted in a violation of his constitutional rights.

Moreover, even assuming that Romitz's and Cohen's roles in notifying the police that Joseph's operating rights had been suspended made them personally involved in the alleged constitutional violation, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

1988), they are entitled to qualified immunity. A government officer defendant sued for a constitutional violation is entitled to qualified immunity if a reasonable officer could have believed that the challenged conduct was lawful under the circumstances. See Anderson v. Creighton, 483 U.S. 635, 641 (1987). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Here, a private citizen informed Cohen that Joseph was operating his limousine service at the Airport with a suspended PUC certificate. After verifying this information with the PUC's Bureau of Transportation and Safety, Cohen informed Romitz that Joseph had no insurance on file with the PUC. Under these circumstances, we conclude that it was objectively reasonable for Romitz and Cohen to believe that Joseph's operating privileges had been suspended, and for Romitz to forward that information to the police.[2]

Joseph also claimed that the issuance of the trespass warning and the alleged delay in considering his protest application were in retaliation for his behavior during the investigatory stop. He states that this activity is protected by the First Amendment. We agree with the District Court's conclusion that Joseph has not established that the

---

[2] Joseph emphasizes that his insurance coverage was restored, and that the suspension was lifted, before he was stopped by the police. See Informal Brief, 6-7, 9-10. Importantly, however, on September 11, 2003, the date of the correspondence between Cohen, Romitz, and the police, Joseph's operating privileges were indeed suspended. In this connection, we note that Joseph attempted to raise a "false detention" claim on the ground that the defendants provided the police with erroneous information. Assuming that such a claim is even cognizable, see District Court Opinion, 8 & n.2, it is without merit because the defendants accurately reported Joseph's suspension to the police.

defendants' actions were retaliatory in nature. There is no evidence that an intent to retaliate against Joseph caused or contributed to the trespass warning or to any delay in processing his protest application. The trespass warning, which barred Joseph from conducting business at the Airport for 30 days, was issued because of Joseph's offensive behavior and his refusal to refrain from such behavior in the future. The defendants acted within their authority to issue the trespass warning for the violations of the ACAA's regulations. Furthermore, Joseph's November 4, 2003, protest application was forwarded six days later to ACAA's attorney, who discussed defects in the application with Joseph on November 25, 2003. The record is devoid of any evidence of improper motive. See Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003) (stating that claims for retaliation require proof that, inter alia, an activity protected by the First Amendment was the cause of the retaliation).

Finally, after careful review of the record and consideration of the arguments on appeal, we conclude that the District Court properly granted summary judgment with regard to Joseph's conspiracy claim under 42 U.S.C. § 1985. Indeed, Joseph failed to allege or submit any evidence of a conspiracy or race-based animus. See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1987) (citing Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825 (1983)).

Accordingly, we will affirm the judgment of the District Court.